**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4312**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL DEXTER BRODIE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief District Judge.  (5:18-cr-00356-BO-1)

Submitted:  November 27, 2019                    Decided:  December 5, 2019

Before AGEE and DIAZ, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William Michael Dowling, BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Dexter Brodie pled guilty, without a plea agreement, to two counts of bomb threat by mail, in violation of 18 U.S.C. § 844(e) (2012). At sentencing, Brodie argued for a noncustodial sentence. The district court imposed a term of 21 months' imprisonment, the bottom of the Sentencing Guidelines range. Brodie timely appealed, arguing that his sentence is procedurally unreasonable because the district court failed to consider and explain its rejection of his arguments in mitigation. We affirm.

We "review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse of discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "If we find such abuse, we reverse unless we conclude that the error was harmless." *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010). An error is harmless if the Government shows "that the error did not have a substantial and injurious effect or influence on the result and we can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed." *United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010) (alterations and internal quotation marks omitted).

When rendering a sentence, the district court must make an individualized assessment based on the facts presented." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). The district court must also "address or consider all non-frivolous reasons presented for imposing a different sentence and explain why [it] has rejected those arguments." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir.), *cert denied*, __ S. Ct. __, 2019 WL 4922236 (U.S. Oct. 7, 2019) (No. 18-9654). "The

2

sentencing court's explanation need not be extensive, but the record must make clear that the judge actually listened to, considered, and rendered a decision on these arguments such that this Court can conduct a meaningful review of the sentence imposed." *United States v. Harris*, 890 F.3d 480, 485 (4th Cir. 2018). Although it is sometimes possible to discern a sentencing court's rationale from the context surrounding its decision, *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006), "an appellate court may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *Carter*, 564 F.3d at 329-30. This Court will not "assume that a sentencing court truly considered a defendant's nonfrivolous arguments or his individual characteristics when the record fails to make it patently obvious." *United States v. Blue*, 877 F.3d 513, 521 (4th Cir. 2017) (internal quotation marks omitted).

In this case, the district court did not explicitly address Brodie's arguments that he should receive a noncustodial sentence because he was a first-time offender, had a strong support network, was not a danger to others, and had complied with the terms of pretrial release. Thus, the district court committed procedural error. We conclude, however, that the error was harmless.

Throughout the sentencing hearing, the district court emphasized the seriousness of Brodie's offense, along with the need for the sentence to provide just punishment, deterrence, and promote respect for the law. The court also found that Brodie's crimes were committed "knowingly, deliberately and continuously" with "planning and cunning and deception." The Government's sentencing argument, which the district court

3

implicitly adopted, addressed the majority of Brodie's arguments in mitigation. On this record, we conclude that the district court would impose the same sentence even if the case were remanded for the court to address on the record Brodie's arguments in mitigation.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*